IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO. 8:07-CV-01002 JSM/EAJ

CHARLES KINDRED, individually and
C&M CONSTRUCTION, INC., a
Florida Corporation,

        Plaintiff,

vs.

MICHAEL MURPHY, Individually, and
THE STANLEY WINES LAW FIRM, P.A.
a Florida Professional Association,

        Defendants.

_____/

## DEFENDANT, THE STANLEY WINES LAW FIRM, P.A.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT OR ALTERNATIVELY, MOTION FOR A MORE DEFINITE STATEMENT AND INCORPORATED MEMORANDUM OF LAW

Defendant, THE STANLEY WINES LAW FIRM, P.A., by and through their attorneys, hereby files its Motion to Dismiss Plaintiff's Complaint or Alternatively, Motion for A More Definite Statement, pursuant to Rule 12 (b) and (e), FRCP with Incorporated Memorandum of Law and states as follows:

**I.**    **Introduction:**

The Plaintiffs, Charles Kindred, individually ("Plaintiff, Kindred") and C&M Construction, Inc., a Florida corporation, ("Plaintiff, C&M Construction") have filed suit against Defendants, Michael Murphy, individually (Defendant, "Murphy") and The Stanley Wines Law Firm, P.A., a Florida Professional Association (Defendant, "Stanley Wines"). The Plaintiffs have asserted eleven (11) counts in their Complaint. However, only one (1) of these eleven counts, Count VIIII [sic] is directed towards Defendant, Stanley Wines. Count VIIII sounds in legal malpractice.

CASE NO.:  8:07-CV-01002 JSM/EAJ

This case seemingly arises out of the business relationship between Plaintiff, Kindred and Defendant, Murphy. *See* Plaintiff's Complaint. In this regard, Plaintiffs have alleged that Defendant, Stanley Wines committed malpractice in drafting the operating agreements for three LLCs, Montana Construction, LLC f/k/a Contemporary Construction of Central Florida, LLC, Auburndale Storage, LLC and Cat & Mouse Investments, LLC. *See* Complaint at ¶¶ 16 and 96 and Exhibits "A", "B" and "C" to the Complaint.[1] Plaintiffs have also alleged that Defendant, Stanley Wines somehow is responsible for Defendant, Murphy's alleged "improper withdrawals of company funds and the transfers of property owned by Plaintiff, C&M Construction" and Defendant, Murphy's alleged "fraudulent inducement of Kindred to signing deeds and operating agreements." *See* Complaint at ¶ 102.

Regardless of these allegations, Plaintiffs' Complaint is barred on its face by the applicable two-year statute of limitations and should be dismissed with prejudice. Plaintiffs' Complaint should also be dismissed for failure to state a cause of action upon which relief can be granted. In the alternative, Plaintiffs should be ordered to provide a more definite statement as to the occurrence of these alleged actions on behalf of Defendant, Stanley Wines and causation between same and Plaintiffs' alleged damages.

## II.    Standard of Review:

The trial court, in ruling on a motion to dismiss, is required to review the complaint in a light most favorable to the plaintiff and accept all facts alleged by the plaintiff as true. *Scheuer v. Rhodes*, 416 U.S. 232, (1974); *Hishon v. King & Spaulding*, 467 U.S. 69, 73

---

1. Plaintiff, Kindred nas alleged that he did not know that Defendant, Murphy set up each limited liability company with Defendant, Murphy as the sole manager. See Complaint at ¶ 17.

**COLE, SCOTT & KISSANE, P.A.**
BRIDGEPORT CENTER - SUITE 750 - 5201 WEST KENNEDY BOULEVARD - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

CASE NO.:  8:07-CV-01002 JSM/EAJ

(1984); *Hawkins v. Hamlet, Ltd.*, 2007 WL 2155605 (July 24, 2007, S.D. Fla. 2007). In

deciding a motion to dismiss, a court can only examine the four corners of the complaint.

*Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232 (M.D. Fla. 1995). If no construction of the

factual allegations support the cause of action, then it is appropriate for the Court to

dismiss the complaint. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir.

1991).

    In this case, Plaintiffs have alleged that this Court's jurisdiction is based upon

diversity, 28 U.S.C. § 1332[2], and as such, this case arises under Florida law.[3] In diversity

cases arising under Florida law, a federal court is bound by the law articulated by the

Florida Supreme Court. *See Shapiro v. Associated Int'l Insurance Co.*, 899 F.2d 1116,

1118 (11th Cir. 1990). If the Florida Supreme Court has not spoken on an issue, Florida

District Court of Appeal decisions control absent persuasive indication that the Florida

Supreme Court would rule otherwise. *See Blanchard v. State Farm Mut. Auto Ins. Co.*, 903

F.2d 1398, 1399 (11th Cir. 1990). If there is no authority, this Court is to make an

"educated guess" as to how a Florida court would rule. *See Shapiro*, 899 F.2d at 1118-19.

    Under Florida law, a plaintiff seeking to prevail on a legal malpractice claim must

plead: (1) the attorney's employment; (2) the attorney's neglect of a reasonable duty; and,

(3) the attorney's negligence resulted in and was the proximate cause of a loss suffered by

the plaintiff. *See Kates v. Robinson*, 786 So. 2d 61, 64 (Fla. 4th DCA 2001); *Hold v.

Manzini*, 736 So. 2d 138, 142 (Fla. 3d DCA 1999); *Tarleton v. Arnstein & Lehr*, 719 So. 2d

---

2. The Plaintiffs have also alleged jurisdiction under 18 U.S.C. § 1964(c), the Racketeer Influenced and
Corrupt Organizations Act ("RICO") as to Defendant, Murphy. However, there are no allegations against
The Stanley Wines Law Firm under the RICO Act.
3. Please note that all the parties to this action are Florida residents.

**COLE, SCOTT & KISSANE, P.A.**
BRIDGEPORT CENTER - SUITE 750 - 5201 WEST KENNEDY BOULEVARD - TAMPA, FLORIDA 33609 - (813) 289-9300 - (813) 286-2900 FAX

-3-

CASE NO.:  8:07-CV-01002 JSM/EAJ

325, 328 (Fla. 4th DCA 1998) (per curiam); and *Steffen v. Fray, Harris & Robinson, P.A.*, 283 F.Supp.2d 1272, 1281 (M.D. Fla. 2003).

III.     **Memorandum of Law in Support of Defendant's Motion to Dismiss:**

   A.     **The Plaintiffs cause of action against Defendant, Stanley Wines is barred by the applicable statute of limitations.**

As stated above, if no construction of the factual allegations support the cause of action, then it is appropriate for the Court to dismiss the complaint. *Executive 100, Inc. v. Martin County*, 922 F.2d 1536 (11th Cir. 1991). Further, pursuant to Rule 12(b), F.R.C.P., a Complaint must be dismissed for failure of the pleader to state a claim upon which relief can be granted. The Plaintiffs' Complaint fails on its face because it is barred by the applicable two-year statute of limitations and the allegations do not support a cause of action for malpractice.

This case arises out of Defendant, Stanley Wines' alleged legal representation of Plaintiffs. The particular legal services provided to the Plaintiffs are the drafting of the operating agreements for Montana Construction, LLC f/k/a Contemporary Construction of Central Florida, LLC, Auburndale Storage, LLC and Cat & Mouse Investments, LLC and attorney, Barry Bennett's notarization of two deeds transferring property of Plaintiff, C&M Construction without allegedly witnessing Plaintiff, Kindred signing the deeds. *See* Complaint at ¶¶ 96 and 98. Plaintiffs have alleged that Defendant, Stanley Wines breached the terms of their attorney-client relationship in drafting the operating agreements and is liable for damages arising thereof. *See* Complaint at ¶¶ 16 and 96.

CASE NO.:  8:07-CV-01002 JSM/EAJ

The operating agreements were signed by Plaintiff, Kindred on August 22, 2001 and April 12, 2002. *See* Exhibits "A", "B" and "C" to the Complaint. The warranty deeds were signed by Plaintiff, Kindred on July 1, 2002 and September 10, 2002. *See* Exhibit "F" to the Complaint. The Complaint was filed June 11, 2007, almost three years after the statute of limitations had expired for these transactions.

Plaintiffs have further alleged that Defendant, Stanley Wines is responsible for Murphy's alleged "improper withdrawals of company funds and the transfers of property owned by Plaintiff, C&M Construction." *See* Complaint at ¶ 102 and Exhibit "D" attached to the Complaint. Importantly, the last draw listed on Exhibit "D" was December 28, 2004.[4] In this regard, the Plaintiffs have alleged on the face of the Complaint a cause of action for professional malpractice. *See* Complaint attached as Exhibit "A."

However, Florida's statute of limitations for an action for professional malpractice is two years. The statute specifically provides:

> (4) **Within two years**,-
>
> (a) **An action for professional malpractice**, other than medical malpractice, **whether founded on contract or tort**; provided that the period of limitation shall un from the time the cause of action is discovered or should have been discovered with the exercise of due diligence.

*See* Fla. Stat. § 95.11(4)(a) (emphasis added); *Steffen v. Akerman Senterfitt*, 2005 WL 3277894, *4 (M.D. Fla. December 2, 2005) (holding that the statute of limitations in Florida for an action against an attorney for malpractice is two years pursuant to § 95.11(4)(a)).[5]

---

4. The statute of limitations as to these allegations expired on or before December 28, 2006.
5. The Florida Supreme Court has held that a cause of action for litigation malpractice does not accrue until the underlying suit is either settled or finally determined. *See Fremont v. Indem. Co. v. Carey, Dwyer, Eckhart, Mason & Spring, P.A.*, 796 So. 2d 504, 506 (Fla. 2001). However, since the Plaintiffs' alleged malpractice does

CASE NO.:  8:07-CV-01002 JSM/EAJ

Plaintiffs' cause of action arose on August 22, 2001 and April 12, 2002, at the time

of the drafting of three operating agreements and the notarization of two warranty deeds on

July 1, 2002 and September 10, 2002. Accordingly, this claim is therefore, by the plain

meaning of § 95.11(4)(a), barred by the statute of limitations and should be dismissed with

prejudice. Furthermore, by the nature of the allegations in Plaintiffs Complaint, Plaintiffs

should at a minimum have known of their cause of cause of action at the time of the last

alleged draw by Defendant, Murphy on or about December 28, 2004. *See* Exhibit "D" to

Plaintiffs' Complaint. Thus, the Complaint is barred as a matter of law.

Fla. Stat. § 95.11(4)(a), literally applies to all actions against professionals whether

"**founded on contract or tort**." In *Lussy v. Damsel*, 890 So. 2d 1184 (Fla. 4th DCA 2004),

the court held that a suit for legal malpractice is governed by the two-year state of

limitations. *Also see Slapikas v. Llorente*, 766 So. 2d 440 (Fla. 4th DCA 2000). In *Don Mar,*

*Inc. v. Gillis*, C.P.A., 483 So. 2d 870 (Fla. 5th DCA 1986) the district court held that an

action brought against a professional for breach of contract is governed by the two-years

statute of limitations in § 95.11(4)(a), Fla. Stat.

Further, it is well established that a statute must be construed so as to give effect to

the plain meaning of its words. *Moonlit Waters Apartments, Inc. v. Cauley*, 666 So. 2d 898

(Fla. 1996)("In construing statute, we look first to the statute's plain meaning."); *Mogavero*

---

not involve litigation malpractice, the statute of limitations in this matter started to accrue from the time the
services were rendered.

CASE NO.:  06-CC-001776

*v. State*, 744 So. 2d 1048 (Fla. 4th DCA 1999); *Hott Interiors, Inc. v. Fostock*, 721 So. 2d 1236 (Fla. 4th DCA 1998). Moreover, "when the language of a statute is clear and unambiguous and conveys a clear meaning, the statute must be given its plain and ordinary meaning." *Aetna Casualty & Surety Co. v. Huntington Nat1 Bank*, 609 So. 2d 1315 (Fla. 1992). Florida Statutes, § 95.11(4)(a) is clear and unambiguous in stating that actions against a professional founded on a contract or in tort is governed by the two-year statute of limitations.

Finally, in *Monroe v. Sarasota County School Board*, 746 So. 2d 530, 535 (Fla. 2d DCA 1999), the Second District Court of Appeal noted that professional malpractice has its origins in contract law. As such, the professional was viewed as breaching his or her professional duties under a contractual relationship of privity with the client. *Id*. Accordingly, to remove breach of contact cause of actions from the realm of the professional malpractice statute would be to render the statute meaningless. A plaintiff faced with a statute of limitation defense could simply name his cause of action in "breach of contract" rather than in "malpractice." *Id*. Accordingly, the Plaintiffs' cause of action sounding in professional/legal malpractice is barred by the two-year statute of limitations and should be dismissed with prejudice.

In the instant case, the factual allegations relative to Defendant, Stanley Wines' purported malpractice occurred by the drafting of three operating agreements in August 2001 through April 2002 and notarization of two warranty deeds on July 1, 2002 and September 10, 2002.

These agreements and warranty deeds were signed by Plaintiff, Kindred. In Florida,

CASE NO.: 06-CC-001776

Plaintiff, Kindred is presumed to have understood the contents of the contracts and warranty deeds that he signed. *See John Deere Industrial Equipment Company v. Sierra General Life Insurance Company*, 362 So.2d 65, 68 (Fla. 1st DCA 1978) ("a party who signs his name to an instrument cannot deny its contents on the ground that he signed without reading it unless he shows facts indicating circumstances which prevented his reading it"); *Allied Van Lines, Inc. v. McKnab*, 351 So. 2d 344, 347-48 (Fla. 1977) (no party to a written contract can defend against its enforcement on the sole ground that he signed the contract without reading it); *Credit Alliance Corporation v. Westland Machine Company, Inc.*, 439 So. 2d 332, 333 (Fla. 3d DCA 1983). There are no allegations that Plaintiff, Kindred was prevented from reading the contacts and warranty deeds prior to him signing them. Accordingly, the Plaintiffs claims are barred by the statute of limitations as he was presumed to have understood the contents of the contracts and warranty deeds at the time he signed.

**B.   Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.**

As stated above, Plaintiffs have alleged that Defendant, Stanley Wines committed malpractice in drafting the operating agreements for the three LLCs and the notarization of two warranty deeds without witness Plaintiff, Kindred signing the deeds. As a consequence of the malpractice in preparing the operating agreements and notarizing the warranty deeds, Plaintiffs have alleged that Defendant, Stanley Wines is responsible for Defendant, Murphy's alleged "improper withdrawals of company funds and the transfers of property owned by Plaintiff, C&M Construction" and Defendant, Murphy's alleged "fraudulent

CASE NO.: 06-CC-001776

inducement of Kindred to the signing deeds and operating agreements." *See* Complaint at

¶¶ 98, 101 and 102. Plaintiffs then allege that Defendant, Stanley Wines should have

investigated, discharged or reassigned Defendant, Murphy. *See* Complaint at ¶ 100.

By the very nature of these allegations, Plaintiffs' Complaint should be dismissed for

failing to state a cause of action upon which relief can be granted. At no time do the

Plaintiffs allege that Defendant, Stanley Wines had been retained or otherwise had a duty

to conduct an investigation relative to Defendant, Murphy's alleged "improper withdrawals

of company funds"[6]. Defendant, Stanley Wines is not alleged to have had access to the

three LLCs' operating accounts in order to monitor Murphy's transactions as the managing

member.

Importantly, by virtue of Plaintiff, Kindred's signing the operating agreements he is

presumed to have had knowledge of Murphy's appointment as the sole managing member

of the LLCs. In particular, Article V, Section 5.2 specifically states: "[b]y signing this

Operating Agreement, the Members confirm that the only Manager is Michael B. Murphy."

*See* Exhibits "A", "B" and "C" to the Complaint at p. 4. As such, the Complaint fails to state

a cause of action and should be dismissed.

Further, Plaintiffs appear to allege within the malpractice cause of action that

Defendant, Stanley Wines fraudulently induced Plaintiff, Kindred to execute the operating

agreements. As noted earlier, since Plaintiff, Kindred has not alleged that he was prevented

reading the agreements, this is not an actionable remedy in Florida. *John Deere Industrial*

---

6. In fact, Plaintiffs do not appear to allege that Defendant, Murphy was an employee of Defendant, Stanley Wines at the time of said wrongful company withdrawals.

CASE NO.:  06-CC-001776

*Equipment Company v. Sierra General Life Insurance Company*, 362 So.2d 65, 68 (Fla. 1st

DCA 1978); *Allied Van Lines, Inc. v. McKnab*, 351 So. 2d 344, 347-48 (Fla. 1977).

Further, in order to state a cause of action for fraud in the inducement, Plaintiffs must

allege the following:

> (1) a false statement concerning a material fact; (2)
> knowledge by the person making the statement that the
> representation is false; (3) intent by the person making
> the statement that the representation will induce
> another to act upon it; and (4) reliance on the
> representation to the injury of the other party.

*See Mettler, Inc. v. Ellen Tracy, Inc.*, 648 So. 2d 253, 255 (Fla. 2d DCA 1994). In the instant

matter, Plaintiffs have not alleged any of the essential requirements for stating a cause of

action in the inducement against Defendant, Stanley Wines. Accordingly, Plaintiffs have

failed to state a cause of action upon which relief can be granted and the Complaint should

be dismissed.

### C.    Motion for a more definite statement.

Finally, should the Court not be inclined to dismiss the complaint for the above-

reasons, Plaintiffs should be ordered to provide a more definite statement as to the

allegations against Defendant, Stanley Wines. Rule 12(e) of the Federal Rules of Civil

Procedure provides that a motion for more definite statement is appropriate "if a pleading to

which a responsive pleading is permitted is so vague or ambiguous that a party cannot

reasonably be required to frame a responsive pleading." A motion for a more definite

statement should be granted when the pleading is so ambiguous or vague that a party

cannot be reasonably expected to respond. *Eye Care Int'l, Inc. v. Underhill*, 92 F. Supp.2d

**COLE, SCOTT & KISSANE, P.A.**
BRIDGEPORT CENTER  - SUITE 750 - 5201 WEST KENNEDY BOULEVARD  -  TAMPA, FLORIDA 33609  - (813) 289-9300 - (813) 286-2900 FAX

-10-

CASE NO.: 06-CC-001776

1310, 1316 (M.D. Fla. 2000).

Here, the allegations against Defendant, Stanley Wines do not provide any substantive information as to the alleged nature of the malpractice (i.e. the nature of the purported errors committed in terms of drafting of the operating agreements; when the malpractice occurred; and how the alleged negligent drafted operating agreements and notarized warranty deeds caused the alleged unlawful draws by Defendant, Murphy). In fact, the only time-specific allegation in the Complaint is that Plaintiff, C&M Construction was formed in August of 1994. *See* Complaint at ¶7. Furthermore, the Complaint does not assert any ultimate facts as to how Defendant, Stanley Wines' conduct can be said to be the proximate cause of Plaintiffs' injury or damage. Accordingly, Plaintiffs should be ordered to provide a more definite statement, pursuant to Rule 12(e), FRCP.

WHEREFORE, Defendant, THE STANLEY WINES LAW FIRM, P.A., respectfully request that this Honorable Court to Dismiss Plaintiff's Complaint or alternatively, order Plaintiffs to provide a more definite statement and any additional relief this Court deems just and appropriate.

**COLE, SCOTT & KISSANE, P.A.**
BRIDGEPORT CENTER  - SUITE 750 - 5201 WEST KENNEDY BOULEVARD  - TAMPA, FLORIDA 33609  - (813) 289-9300 - (813) 286-2900 FAX

-11-

CASE NO.: 8:07-CV-01002 JSM/EAJ

## <u>CERTIFICATE OF SERVICE</u>

WE HEREBY CERTIFY  that the foregoing was filed with the Clerk of the Court by

using the CM/ECF system this 10th day of August 2007, and provided via regular U.S. mail

to **Nicolette Vilmos, Esq.**, Broad and Cassel, 390 N. Orange Avenue, Suite 1400, P.O.

Box 4961, Orlando, FL  32802-4961, Counsel for Plaintiff.

> COLE, SCOTT & KISSANE, P.A.
> Attorneys for Defendant,
> THE STANLEY WINES LAW FIRM, P.A.
> Bridgeport Center, Suite 750
> 5201 West Kennedy Boulevard
> Tampa, Florida 33609
> E-Mail Address: dan.shapiro@csklegal.com
> E-Mail Address: hans.haahr@csklegal.com
> Telephone: (813) 864-9333
> Facsimile: (813) 286-2900

> By:     *s//s Hans Peter Haahr*
> DANIEL A. SHAPIRO
> FBN:  965960
> HANS PETER HAAHR
> FBN: 0568457