**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHARLES KINDRED and C & M CONSTRUCTION, INC.,**

    **Plaintiffs,**

v.                                                         Case No.  8:07-cv-1002-T-30EAJ

**MICHAEL MURPHY and THE STANLEY WINES LAW FIRM, P.A.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Michael Murphy's ("Murphy") Motion to Dismiss the Amended Complaint or, Alternatively, to Dismiss Specified Counts and Parties, with Incorporated Memorandum of the Law (Dkt. 16), Plaintiffs' Response in opposition to the same (Dkt. 25), Defendant, The Stanley Wines Law Firm, P.A.'s ("Stanley Wines") Motion to Dismiss Plaintiff's Amended Complaint or, Alternatively, Motion for a More Definite Statement and Incorporated Memorandum of the Law (Dkt. 17), and Plaintiffs' Response in opposition to the same (Dkt. 24). The Court, having reviewed the motions, responses, and supporting memoranda, and being otherwise fully advised in the premises, determines that Murphy's Motion to Dismiss should be granted in part.

**Background**

In or about August of 1994, Plaintiff Charles Kindred ("Kindred") formed C&M Construction Incorporated ("C&M"), a corporation organized and existing under the laws of the State of Florida with a principal place of business in Polk County, Florida (Kindred and Murphy are hereinafter referred to as "Defendants").[1] For a number of years, Murphy and Stanley Wines (together, "Defendants") represented the interests of both C&M and Kindred.

Following his formation of C&M, Kindred began suffering from a number of health problems. During this time, Kindred and Murphy agreed that Murphy would become involved in the business operations of C&M. The two agreed that Murphy would learn the real estate development business from Kindred, and that Murphy would look out for the Defendants' interests while Kindred's health improved.

In order to enhance the tax savings of Kindred's businesses, Murphy proposed setting up separate limited liability companies ("LLC's") to manage different projects. Murphy ultimately set up three LLC's for this purpose. Kindred claims Murphy advised him that they both would contribute capital to the LLC's, be reimbursed for their contributions, and have equal control and decision making authority.

Murphy set up each LLC with himself as the sole manager. While Kindred signed the Operating Agreements for each LLC, he claims Murphy never advised him that he was appointing himself as the managing member. Kindred also claims that Murphy failed to secure any new projects or make any personal capital contributions to the LLC's. According

---

[1] Kindred currently resides in Polk County, Florida.

to Kindred, he was unaware of Murphy's actions until August of 2005, when he attempted to prevent Kindred from transferring property relating to the three LLC's.

Plaintiffs allege that Murphy failed to adequately protect the interests of both Kindred and C&M. Plaintiffs claim that Murphy misappropriated funds in excess of $128,000.00 for his personal use, took advantage of his attorney-client relationship by operating the companies for his own improper purposes, transferred Kindred's property without his knowledge or consent, and concealed the relevant books and records to hide his acts and omissions. As a result, Kindred and C&M filed the instant action.

The Amended Complaint asserts twelve claims for relief, two of which allege violations of the Racketeer Influenced and Corrupt Organizations Act, codified at 18 U.S.C. § 1961 *et seq.* ("RICO"). The remaining claims for relief are based on alleged violations of state law. Plaintiffs claim this Court's jurisdiction is founded regarding its RICO claims pursuant to 18 U.S.C. § 1964, and that this Court also has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Despite Plaintiffs' jurisdictional allegations, they have failed to allege that the parties to this action are diverse. To the contrary, Paragraphs 1 through 4 of the Amended Complaint allege that all parties reside in or have a principal place of business in Florida. Therefore, the Court lacks jurisdiction based on diversity of citizenship. Moreover, if the Court dismisses Plaintiffs' RICO claims, it must dismiss the remainder of this case, as RICO provides the Court's sole basis for subject-matter jurisdiction. Accordingly, the Court will first consider Murphy's Motion to Dismiss only as it relates to the RICO claims.

**Discussion**

    A.    **Motion to Dismiss Standard Under 12(b)(6)**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1959.

    B.    **Legal Analysis**

In order to establish a civil RICO claim, Plaintiffs must "satisfy four elements of proof: (1) conduct, (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Williams v. Mohawk*, 465 F.3d 1277, 1282 (11th Cir. 2006). With regard to elements (1) and (2), Plaintiffs must establish conduct of an enterprise, and that the enterprise had a common

goal. *Id.* at 1283; *see also United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528-29 (1981) ("The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct."). The existence of an enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *U.S. v. Goldin Industries, Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000) (quoting *Turkette*, 452 U.S. at 583). The definitive factor in determining the existence of a RICO enterprise "is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes, that is, the pattern of racketeering activity requisite to the RICO violation." *Id.*

Case law is quite clear that a "RICO defendant or person be separate or distinct from the enterprise . . . because liability depends on showing that the defendants conducted or participated in the conduct of the enterprise's affairs, not just their own affairs." *Acosta v. Campbell*, 2006 WL 146208 (M.D.Fla. Jan. 18, 2006) (citing *Stachon v. United Consumer Club, Inc.*, 229 F.3d 673, 676 n. 3 (7th Cir. 2000) and *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)).

In Count XI of the Amended Complaint, Plaintiffs allege that Murphy, together with "others known and unknown, including attorneys, devised and intended to devise a scheme and artifice to defraud and to obtain money and property from [Plaintiffs]." In Count XII, Plaintiffs allege that "Murphy is an enterprise engaged in and whose activities affect interstate or foreign commerce." In their Response, Plaintiffs acknowledge that they have not specifically stated which individuals or entities the enterprise comprised of, but claim to

goal. *Id.* at 1283; *see also United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528-29 (1981) ("The enterprise is an entity, for present purposes a group of persons associated together for a common purpose of engaging in a course of conduct."). The existence of an enterprise "is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit." *U.S. v. Goldin Industries, Inc.*, 219 F.3d 1271, 1275 (11th Cir. 2000) (quoting *Turkette*, 452 U.S. at 583). The definitive factor in determining the existence of a RICO enterprise "is the existence of an association of individual entities, however loose or informal, that furnishes a vehicle for the commission of two or more predicate crimes, that is, the pattern of racketeering activity requisite to the RICO violation." *Id.*

Case law is quite clear that a "RICO defendant or person be separate or distinct from the enterprise . . . because liability depends on showing that the defendants conducted or participated in the conduct of the enterprise's affairs, not just their own affairs." *Acosta v. Campbell*, 2006 WL 146208 (M.D.Fla. Jan. 18, 2006) (citing *Stachon v. United Consumer Club, Inc.*, 229 F.3d 673, 676 n. 3 (7th Cir. 2000) and *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)).

In Count XI of the Amended Complaint, Plaintiffs allege that Murphy, together with "others known and unknown, including attorneys, devised and intended to devise a scheme and artifice to defraud and to obtain money and property from [Plaintiffs]." In Count XII, Plaintiffs allege that "Murphy is an enterprise engaged in and whose activities affect interstate or foreign commerce." In their Response, Plaintiffs acknowledge that they have not specifically stated which individuals or entities the enterprise comprised of, but claim to

have made several allegations regarding individuals "possibly" associated with the enterprise. Such allegations include references to Stanley Wines and "others known and unknown." Plaintiffs argue that there seem to be sufficient facts to show an enterprise of Murphy, Stanley Wines, and/or other attorneys, employees, or consultants of Stanley Wines.

The Court does not agree. Upon review of the Amended Complaint, the Court concludes that Plaintiffs have failed to allege sufficient facts supporting the existence of an enterprise. Plaintiffs have failed to specifically identify any member of the alleged enterprise other than Murphy. In fact, they allege in Count XII that Murphy was the enterprise. While Plaintiffs imply that other known parties, including Stanley Wines, could be a part of the alleged enterprise, they have neither identified those parties nor described how they were associated. As the Plaintiffs have failed to allege sufficient facts to support an essential element of their civil RICO claims, the Court concludes that Counts XI and XII should be dismissed without prejudice.

The Court will grant Plaintiffs leave to amend the Amended Complaint to cure this defect. However, the Court places Plaintiffs and Plaintiffs' counsel on notice to proceed with caution due to the severe nature of the RICO claims they have alleged. Should Plaintiffs' allegations that Stanley Wines and/or other parties were a part of the "enterprise" turn out to be unwarranted or frivolous, the Court will consider imposing sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.

In the event Plaintiffs elect to amend the Amended Complaint, the Court notes that it has not yet ruled whether (i) the statute of limitations has run on Plaintiffs RICO claims, (ii) Plaintiffs have sufficiently alleged a continuous pattern of racketeering activity, and/or

(iii) Plaintiffs have sufficiently alleged a RICO injury. Plaintiffs are advised that the Amended Complaint should include specific allegations relating to the relevant time periods, continuous nature of the racketeering activity, and use of funds by the enterprise.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Michael Murphy's Motion to Dismiss the Amended Complaint (Dkt. 16) is **GRANTED in part** as set forth herein. Counts XI and XII of Plaintiff's Complaint are hereby dismissed without prejudice.

2. Plaintiffs shall have twenty (20) days to file an Amended Complaint consistent with the directions and cautions contained within this Order.

3. Plaintiffs' failure to timely file an Amended Complaint will result in dismissal of Counts XI and XII with prejudice, and dismissal of the remaining Counts without prejudice for lack subject-matter jurisdiction.

**DONE** and **ORDERED** in Tampa, Florida on February 19, 2008.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2007\07-cv-1002.mtd.frm