IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES KINDRED, individually,            Case No. 8:07-CV-01002 JSM/EAJ
and C&M CONSTRUCTION, INC., a
Florida Corporation,
       Plaintiff,

v.

MICHAEL MURPHY, individually and
THE STANLEY WINES LAW FIRM, P.A.,
A Florida Professional Association,
       Defendants.
_____/

**BROAD AND CASSEL'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO WITHDRAW**

Comes now, Broad and Cassel, counsel for the Plaintiffs, files this her Memorandum of Law in Support of Plaintiffs' Counsels Motion to Withdraw, and in support thereof, specifically states as follows:

1. A hearing was held on Broad and Cassel's Motion to Withdraw on May 7, 2008.

2. Pursuant to the hearing on May 7, 2008, the Court gave the Trustee thirty (30) days to file a written notice on how he wishes to proceed and withheld ruling on Broad and Cassel's Motion to Withdraw.

**I.**    **Broad and Cassel is unable to respond to any pleadings filed**

Broad and Cassel is unable to respond to any pleadings filed in the instant action as Plaintiffs are no longer the proper party in interest and do not have the standing to pursue the instant action because both Plaintiffs have filed for Chapter 7 bankruptcy. Pursuant to § 541(a), (a)(1) of the Bankruptcy Code, an "estate" is created when a bankruptcy petition is filed and includes all legal or equitable interest of the debtor in property as of the commencement of the

case. Therefore, a pre-petition cause of action is the property of the Chapter 7 bankruptcy estate, and only the trustee in bankruptcy has standing to pursue it. *Kuehn v. The Cradle Company, Inc.,* 2007 U.S. Dist. LEXIS 18387; *Parker v. Wendy's International, Inc.,* 365 F.3d 1268, 1272 (11th Cir. 2004) (citing *Barger v. City of Cartersville,* 348 F.3d 1289, 1292 (11th Cir. 2003). A Trustee, as the representative of the bankruptcy estate, is the proper party in interest, and is the only party with standing to prosecute causes of action belonging to the estate. *Parker,* 365 F.3d 1268.

Broad and Cassel cannot respond to any pleadings in this action as this action is property of the bankruptcy estate. Property of the bankruptcy estate includes all potential causes of action that exist at the time the petitioner files for bankruptcy. See 11 U.S.C. § 541(a); *Barger*, 348 F.3d 1289. Causes of action belonging to the debtor at the commencement of the bankruptcy action are included within the property of the estate. *Merchants & Farmers Bank of Dumas, Arkansas v. Hill,* 122 B.R. 539 (1990 U.S. Dist. LEXIS 17530); *In re Ozark Restaurant Equipment Company, Inc.,* 816 F.2d 1222 (8th Cir.) at 1225.

Broad and Cassel is therefore unable to respond to the pleadings in the instant action or make any decisions related to this action because the Bankruptcy Trustee is now the real party in the instant proceedings and has exclusive standing to assert any claims.

## II.    Broad and Cassel has exhausted all resources to continue proceeding

Broad and Cassel is a creditor in the Plaintiffs' bankruptcy cases and has not been paid for its services pre-petition or post petition. Furthermore, the Plaintiff Debtors hired a certified fraud examiner to assist Broad and Cassel in the investigation and preparation of the causes of action against the Defendants. The certified fraud examiner has not been paid by the debtors and

2

is also currently a creditor in the bankruptcy proceeding and cannot proceed without payment.

### III.  Conclusion

Broad and Cassel does not have standing and does not represent a party in interest in the instant action. The Trustee is the proper party in interest and has the authority to proceed or dismiss the instant matter. Moreover, Broad and Cassel conferred with Counsel for both Defendants and both Defendants' Counsel stipulated to the withdrawal of Broad and Cassel; therefore the parties will not be prejudiced by the relief requested herein.

Wherefore, Broad and Cassel, requests this Court to allow Plaintiffs' counsel to withdraw from the instant action.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, has been furnished by either CM/ECF or U.S. Mail this 6th day of June, 2008 to: Charles H. Kindred, Jr., Post Office Box 485, Auburndale, Florida 33823; Frank M. Wolff, Esquire, Wolff, Hill, McFarlin & Herron, P.A., 1851 West Colonial Drive, Orlando, Florida 32804; Nicolette C. Vilmos, Attorney at Law, Broad and Cassel, 390 North Orange Avenue, Suite 1400, Florida 32801, Kevin A. Ashley, Esquire, Counsel to Defendant, Michael Murphy, Peterson & Myers, P.A., 141 5th Street NW, Winter Haven, Florida 33883-7608 and to Daniel Shapiro, Esquire, Counsel to Defendant, The Stanley Wines Law Firm, P.A., Cole, Scott & Kissane, P.A, Third Floor, 1390 Brickell Ave, Miami, Florida 33131; and the John Henry Meininger, III, Counsel for the Trustee, Post Office Box 1946, Orlando, Florida 32802-1946.

> BROAD AND CASSEL
> Counsel for Plaintiff
> 14th Floor
> 390 North Orange Avenue
> Orlando, Florida  32801
> P. O. Box 4961 (32802-4961)
> Phone: (407) 839-4200
> Fax: (407) 425-8377
>
> By:   */s/ Nicolette Corso Vilmos*
> _____
> Roy S. Kobert, P.A.
> Florida Bar #: 777153

3

rkobert@broadandcassel.com
Nicolette C. Vilmos, Esq.
Florida Bar #: 0469051
nvilmos@broadandcassel.com